IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 3 0 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00657-BNB

EDWARD ALLEN,

    Applicant,

v.

TOM CLEMENTS, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Edward Allen, initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Allen is challenging the validity of his convictions in two Fremont County District Court cases–cases numbered 03CR159 and 03CR253. The court must construe the application liberally because Mr. Allen is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Allen will be ordered to file an amended application if he wishes to pursue his claims in this action.

The court has reviewed the application and finds that it is deficient. First, Mr. Allen fails to allege clearly what specific constitutional right has been violated with respect to each of his eleven claims. In particular, although Mr. Allen makes specific references to due process in his second, fourth, and fifth claims, he does not identify

the constitutional rights allegedly violated in any other claims. Mr. Allen will be given an opportunity to identify the specific constitutional claims he is asserting in this action in order to avoid any misidentification of those claims.

The application also is deficient because Mr. Allen fails to allege specific facts in support of each of the eleven claims he asserts. For example, Mr. Allen alleges in his third claim that the testimony of certain witnesses was not relevant but he fails to identify who those witnesses were or what specific testimony was not relevant. In claim seven, Mr. Allen refers to an ex parte hearing without identifying the nature of the hearing or specifically what transpired at the hearing that allegedly violated his rights. In claim eight, Mr. Allen contends in part that counsel was ineffective by failing to make certain objections, but he fails to allege the grounds that would have supported the specified objections or what harm he suffered as a result of the failure to make those objections. Mr. Allen similarly fails to allege specific facts in support of other claims as well.

Mr. Allen is advised that § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Allen must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Furthermore, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

For these reasons, Mr. Allen will be ordered to file an amended application that cures these deficiencies if he wishes to pursue his claims in this action. Accordingly, it is

ORDERED that Mr. Allen file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Allen, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Allen fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice.

DATED March 30, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00657-BNB

Edward Allen
Prisoner No. 122690
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 form** to the above-named individuals on March 30, 2011

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk