IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 17 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00657-BNB

EDWARD ALLEN,

    Applicant,

v.

TOM CLEMENTS, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Edward Allen, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Allen initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. #1). On April 18, 2011, he filed an amended application for a writ of habeas corpus pursuant to § 2254 (Doc. #5). Mr. Allen is challenging the validity of his convictions in two cases in the Fremont County District Court. The relevant state court case numbers are 03CR159 and 03CR253.

On April 19, 2011, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On May 13, 2011, Respondents filed their Pre-Answer Response (Doc. #15). Mr. Allen has not filed a reply to the Pre-Answer Response despite being given

an opportunity to do so.

The Court must construe the amended application liberally because Mr. Allen is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as untimely.

Mr. Allen's state court criminal cases were consolidated for trial, and he was convicted by a jury of sexual assault on a child under fifteen by one in a position of trust and sexual assault on a child under eighteen by one in a position of trust. He was sentenced to indeterminate terms of ten years to life in prison on each count to be served concurrently plus mandatory lifetime parole. On direct appeal, the judgments of conviction were affirmed and the case was remanded for resentencing as to one of the counts. *See People v. Allen*, No. 04CA1752 (Colo. App. Jan. 18, 2007) (unpublished) (Doc. #15-4). On July 16, 2007, the Colorado Supreme Court denied Mr. Allen's petition for writ of certiorari on direct appeal. (*See* Doc. #15-6.) On April 7, 2008, Mr. Allen was resentenced on remand. (*See* Doc. #15-12 at 8.) He did not file an appeal following the resentencing.

On July 6, 2009, Mr. Allen filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure relevant to both criminal cases that was denied on October 27, 2009. (*See id.* at 7; Doc. #15-13 at 5-6.) The trial court's order denying the Rule 35(c) motion was affirmed on appeal. *See People v. Allen*, No. 09CA2230 (Colo. App. Oct. 21, 2010) (Doc. #15-10). On February 22, 2011,

the Colorado Supreme Court denied Mr. Allen's petition for writ of certiorari in the state court postconviction proceedings. (*See* Doc. #15-11.)

Mr. Allen has filed one other postconviction proceeding relevant to the criminal cases he is challenging in the instant action. In 2007, Mr. Allen filed a federal application for a writ of habeas corpus in the District of Colorado challenging the same Colorado state court convictions. *See Allen v. Zavaras*, No. 07-cv-02052-ZLW (D. Colo. Nov. 13, 2007). That action was dismissed without prejudice for failure to exhaust state court remedies, and the dismissal was affirmed on appeal. *See Allen v. Zavaras*, 568 F.3d 1197 (10th Cir. 2009).

Mr. Allen's original habeas corpus application in this action was filed on March 16, 2011. In the amended application filed on April 18, 2011, Mr. Allen asserts the following eleven claims for relief:

1. The trial lacked subject matter jurisdiction because he never was charged with or convicted of a substantive crime.

2. The trial court erred in admitting expert testimony regarding the conditions of the victims' hymens and the probability of abuse.

3. The trial court erred in admitting irrelevant and prejudicial evidence.

4. He was denied due process when the victim changed her description of the alleged instrument of the offense at trial.

5. He was denied due process when the date of the alleged crime was changed.

6. The prosecution failed to meet its burden of proof.

7. The trial court held an ex parte hearing with defense counsel that prejudiced the trial court against Mr. Allen.

8. His rights to effective and conflict-free counsel were violated.

> 9. The trial court erred in consolidating his cases for trial.
>
> 10. The trial court erred in allowing expert testimony that bolstered the credibility of the alleged victims.
>
> 11. The prosecution committed misconduct during voir dire.

Respondents first assert that the instant action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Allen's convictions became final. Based on the procedural history discussed above, the Court finds that Mr. Allen's convictions became final when the time expired to file a notice of appeal following his resentencing on remand on April 7, 2008. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Allen had forty-five days to file a notice of appeal after he was resentenced on April 7, 2008. Therefore, his convictions were final on May 22, 2008.

The Court also finds that the one-year limitation period began to run on May 22, 2008, because Mr. Allen does not allege that he was prevented by unconstitutional state action from filing this action sooner; he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and he knew or could have discovered the factual predicate for each of his claims before his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D). As a result, the time to file a federal habeas corpus action expired on May 22, 2009, unless the one-year limitation period was tolled for some period of time.

The next question the Court must answer is whether any of the postconviction proceedings Mr. Allen initiated tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of

> any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Mr. Allen's prior habeas corpus application in case number 07-cv-02052-ZLW was a federal action and not a state postconviction motion. Therefore, the proceedings relevant to case number 07-cv-02052-ZLW did not toll the one-year limitation period pursuant to § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Mr. Allen's postconviction Rule 35(c) motion filed in state court on July 6, 2009, also did not toll the one-year limitation period because the Rule 35(c) motion was filed after the one-year limitation period already had expired on May 22, 2009. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year

limitation period). Therefore, this action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. **Holland v. Florida**, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if Mr. Allen shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. **Pace v. DiGuglielmo**, 544 U.S. 408, 418 (2005); see **Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate actually is innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. **See Gibson**, 232 F.3d at 808. However, simple excusable neglect is not sufficient to support equitable tolling. **See id**. Furthermore, in order to demonstrate he pursued his claims diligently, Mr. Allen must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" **Yang v. Archuleta**, 525 F.3d 925, 930 (10th Cir. 2008) (quoting **Miller**, 141 F.3d at 978). In the rare and extraordinary case in which a habeas petitioner can demonstrate equitable tolling is appropriate on actual innocence grounds, the petitioner is not required to demonstrate he diligently pursued the actual innocence claim. **Lopez v. Trani**, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

Mr. Allen fails to allege any facts that might justify equitable tolling of the one-year limitation period. He does not allege that he is actually innocent, that he has been pursuing his claims diligently, or that some extraordinary circumstance prevented him from filing the instant action in a timely manner. Therefore, the Court finds that there is

no basis for equitable tolling of the one-year limitation period.

For all of these reasons, the Court finds that this action is barred by the one-year limitation period. Because the Court has determined that the entire action is time-barred, the Court need not address Respondents' alternative arguments that some of Mr. Allen's claims are unexhausted and procedurally barred. Accordingly, it is

ORDERED that the habeas corpus application (Doc. #1) and the amended application (Doc. #5) are denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  17th  day of    June        , 2011.

BY THE COURT:


\_\_s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  11-cv-00657-BNB

Edward Allen
Prisoner No. 122690
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on June 17, 2011

GREGORY C. LANGHAM, CLERK

By:_____
        Deputy Clerk