IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00657-BNB

EDWARD ALLEN,

    Applicant,

v.

TOM CLEMENTS, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Edward Allen, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Allen initiated this action by filing **pro se** an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. #1). On April 18, 2011, he filed an amended application for a writ of habeas corpus pursuant to § 2254 (Doc. #5). Mr. Allen is challenging the validity of his convictions in two cases in the Fremont County District Court. The relevant state court case numbers are 03CR159 and 03CR253.

On April 19, 2011, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On May 13, 2011, Respondents filed a Pre-Answer Response (Doc. #15) arguing that this action is untimely and that some of Mr. Allen's claims are unexhausted

and procedurally barred. On June 17, 2011, the Court entered an order dismissing the entire action as untimely and declining to address the exhaustion and procedural bar arguments. The Court noted that Mr. Allen had not filed a reply to the Pre-Answer Response despite being given an opportunity to do so.

On June 23, 2011, Mr. Allen filed a "Motion for Leave for Discovery" (Doc. #18) in which he indicated that Respondents had not filed a Pre-Answer Response in this action. Also on June 23, 2011, Mr. Allen filed a notice of appeal (Doc. #19) from the order dismissing this action in which he stated explicitly that he had not received a copy of the Pre-Answer Response filed in this action. On appeal, the United States Court of Appeals for the Tenth Circuit concluded that "the appropriate course is to grant a certificate of appealablity ("COA"), reverse, and remand so that the district court may revisit the [failure of service] issue and address the arguments raised by [Applicant], including any potential claim of actual innocence." (Doc. #26 at 3.)

On September 20, 2011, following issuance of the mandate by the Tenth Circuit, Magistrate Judge Boland entered an order directing Respondents to serve a copy of their Pre-Answer Response on Mr. Allen and directing the parties to submit further briefing on the failure of service issue as well as the affirmative defenses raised in the Pre-Answer Response, including any potential claim of actual innocence. On October 4, 2011, Mr. Allen filed his reply to the Pre-Answer Response (Doc. #35). On October 18, 2011, Respondents filed a brief (Doc. #36) that addresses the equitable tolling and actual innocence arguments Mr. Allen raises in his reply.

The Court must construe the amended application and other papers filed by Mr. Allen liberally because he is not represented by an attorney. *See Haines v. Kerner*,

404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a **pro se** litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as untimely.

Mr. Allen's state court criminal cases were consolidated for trial, and he was convicted by a jury of sexual assault on a child under fifteen by one in a position of trust and sexual assault on a child under eighteen by one in a position of trust. He was sentenced to indeterminate terms of ten years to life in prison on each count to be served concurrently plus mandatory lifetime parole. On direct appeal, the judgments of conviction were affirmed, and the case was remanded for resentencing as to one of the counts. **See People v. Allen**, No. 04CA1752 (Colo. App. Jan. 18, 2007) (unpublished) (Doc. #15-4). On July 16, 2007, the Colorado Supreme Court denied Mr. Allen's petition for writ of certiorari on direct appeal. (**See** Doc. #15-6.) Also in 2007, the Colorado Supreme Court denied an original petition for writ of habeas corpus Mr. Allen filed in that court. **See Allen v. Zavaras**, 568 F.3d 1197, 1198 (10th Cir. 2009) (discussing Mr. Allen's state court direct appeal and postconviction filing). On April 7, 2008, Mr. Allen was resentenced on remand. (**See** Doc. #15-12 at 8.) He did not file an appeal following the resentencing.

Following his direct appeal and prior to his resentencing, Mr. Allen filed a federal application for a writ of habeas corpus in the District of Colorado challenging the same Colorado state court convictions. **See Allen v. Zavaras**, No. 07-cv-02052-ZLW (D. Colo. Nov. 13, 2007). Mr. Allen raised five claims for relief in 07-cv-02052-ZLW, four of which he contended were raised on direct appeal and one of which he contended was

raised in the state habeas petition. The federal habeas corpus action was dismissed without prejudice for failure to exhaust state court remedies, and the dismissal was affirmed on appeal. **See Allen v. Zavaras**, 568 F.3d 1197 (10th Cir. 2009).

On July 6, 2009, Mr. Allen returned to state court and filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure in both criminal cases, which the trial court denied on October 27, 2009. (**See id**. at 7; Doc. #15-13 at 5-6.) The trial court's order denying the Rule 35(c) motion was affirmed on appeal. **See People v. Allen**, No. 09CA2230 (Colo. App. Oct. 21, 2010) (Doc. #15-10). On February 22, 2011, the Colorado Supreme Court denied Mr. Allen's petition for writ of certiorari in the state court postconviction proceedings. (**See** Doc. #15-11.)

Mr. Allen's original habeas corpus application in this action was filed on March 16, 2011. In the amended application filed on April 18, 2011, Mr. Allen asserts the following eleven claims for relief:

1. The trial lacked subject matter jurisdiction because he never was charged with or convicted of a substantive crime.

2. The trial court erred in admitting expert testimony regarding the conditions of the victims' hymens and the probability of abuse.

3. The trial court erred in admitting irrelevant and prejudicial evidence.

4. He was denied due process when the victim changed her description of the alleged instrument of the offense at trial.

5. He was denied due process when the date of the alleged crime was changed.

6. The prosecution failed to meet its burden of proof.

7. The trial court held an ex parte hearing with defense counsel that prejudiced the trial court against Mr. Allen.

> 8. His rights to effective and conflict-free counsel were violated.
>
> 9. The trial court erred in consolidating his cases for trial.
>
> 10. The trial court erred in allowing expert testimony that bolstered the credibility of the alleged victims.
>
> 11. The prosecution committed misconduct during voir dire.

Respondents maintain that the instant action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Allen's convictions became final. Respondents argue that Mr. Allen's convictions became final on May 22, 2008, and Mr. Allen does not challenge that date. Based on the procedural history discussed above, the Court agrees. Mr. Allen's convictions became final when the time expired to file a notice of appeal following his resentencing on remand on April 7, 2008. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Allen had forty-five days to file a notice of appeal after he was resentenced on April 7, 2008. Therefore, Mr. Allen's convictions were final on May 22, 2008.

The Court also finds that the one-year limitation period began to run on May 22, 2008, because Mr. Allen does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for each of his claims before his convictions became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D). As a result, the time to file a federal habeas corpus action expired on May 22, 2009, unless the one-year limitation period was tolled for some period of time.

The next question the Court must answer is whether any of the postconviction proceedings Mr. Allen initiated tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are

in compliance with the applicable laws and rules governing filings." ***Artuz v. Bennett***, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

***Habteselassie v. Novak***, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws." ***See Gibson v. Klinger***, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." ***Barnett v. Lemaster***, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner ***could have*** sought an appeal under state law." ***Gibson***, 232 F.3d at 804.

The habeas corpus petition Mr. Allen filed in the Colorado Supreme Court in 2007 did not toll the one-year limitation period because that petition was not pending for any period of time after the one-year limitation period began to run on May 22, 2008.

Mr. Allen next filed a federal habeas corpus application, case number 07-cv-02052-ZLW, in the District of Colorado. Although Mr. Allen argues that the time during

7

which 07-cv-02052-ZLW was pending tolled the one-year limitation period under § 2244(d)(2), the Court disagrees because 07-cv-02052-ZLW was not a state postconviction proceeding and only state postconviction proceedings trigger the statutory tolling provision in § 2244(d)(2). **See Duncan v. Walker**, 533 U.S. 167, 181-82 (2001). Finally, the Rule 35(c) motion Mr. Allen filed in the trial court on July 6, 2009, also did not toll the one-year limitation period pursuant to § 2244(d)(2) because the Rule 35(c) motion was filed after the one-year limitation period already had expired on May 22, 2009. **See Clark v. Oklahoma**, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Therefore, this action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. **Holland v. Florida**, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. **Pace v. DiGuglielmo**, 544 U.S. 408, 418 (2005); **see Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the petitioner actually is innocent. **See Gibson**, 232 F.3d at 808. However, excusable neglect does not support equitable tolling. **See id**. Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" **Yang v. Archuleta**, 525 F.3d 925, 930 (10th Cir. 2008) (quoting **Miller**, 141 F.3d at 978).

An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in **Schlup v. Delo**, 513 U.S. 298 (1995), and **Coleman v. Thompson**, 501 U.S. 722 (1991). Therefore, in the rare and extraordinary case in which a habeas petitioner can demonstrate equitable tolling is appropriate on actual innocence grounds, the petitioner is not required to demonstrate he diligently pursued the actual innocence claim. **Lopez v. Trani**, 628 F.3d 1228, 1230-31 (10th Cir. 2010). **See Lopez**, 628 F.3d at 1231. However, to be credible, a claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." **Schlup**, 513 U.S. at 324.  The petitioner then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." **Id**. at 327.  The Court emphasizes that a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." **Schlup**, 513 U.S. at 324.

Mr. Allen's arguments in favor of equitable tolling are largely conclusory and somewhat difficult to discern.  Construing Mr. Allen's reply filed on October 4, 2011, liberally, the Court perceives Mr. Allen to be raising the following eleven arguments in favor of equitable tolling:  (1) he is actually innocent because there is no evidence a crime has been committed; (2) he has actively and diligently pursued his claims in any court he believed could address the merits; (3) he lacks legal experience and should be expected to make mistakes regarding where and when to file; (4) he was ignorant of the

one-year limitation period; (5) he was not informed he had failed to exhaust state remedies until advised of that fact by the Tenth Circuit in 2009 when the Tenth Circuit affirmed the order dismissing his first federal habeas corpus application; (6) he relied in good faith on a misleading extension of time to file a habeas corpus action granted by the district court; (7) he was prevented from pursuing his claims because 07-cv-02052-ZLW was dismissed for failure to exhaust state remedies; (8) he was unaware that he needed to file a postconviction Rule 35(c) motion in order to exhaust state remedies because he was not advised of that fact by the district court in 07-cv-02052-ZLW; (9) Respondents in 07-cv-02052-ZLW were not directed to file a Pre-Answer Response that would have alerted him of the need to file a Rule 35(c) motion; (10) he could not file a Rule 35(c) motion in state court while his appeal from the dismissal of 07-cv-02052-ZLW was pending; and (11) the Colorado Supreme Court should have construed the original habeas corpus petition he filed in that court in 2007 as a Rule 35(c) motion.

Mr. Allen's actual innocence argument, which is premised on his assertion that there is no evidence that a crime has been committed, lacks merit because he fails to present any new evidence in support of this actual innocence claim. In other words, Mr. Allen fails to "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. Therefore, because Mr. Allen fails to present a credible claim of actual innocence under the standards set forth in *Schlup*, his actual innocence argument does not justify equitable tolling of the one-year limitation period.

Mr. Allen's argument that he has actively and diligently pursued his claims in any

10

court he believed could address the merits of those claims does not justify equitable tolling because diligence alone is not sufficient. Mr. Allen also must demonstrate "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. **See Pace**, 544 U.S. at 418. For the reasons discussed below, the Court finds that Mr. Allen fails to demonstrate the existence of any extraordinary circumstance that prevented him from filing in a timely manner.

Mr. Allen's alleged lack of legal experience resulting in mistakes regarding where and when to file is not an extraordinary circumstance. While a ***pro se*** litigant's lack of legal expertise might demonstrate excusable neglect, excusable neglect is not sufficient to support equitable tolling. **See Gibson**, 232 F.3d at 808; **see also Marsh v. Soares**, 223 F.3d 1217, 1220 (10th Cir. 2000) (stating that "it is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (internal quotation marks omitted)). Similarly, Mr. Allen's assertion that he was ignorant of the one-year limitation period also does not provide a basis for equitable tolling. **See Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998) (no equitable tolling based on petitioner's lack of knowledge of one-year limitation period).

Mr. Allen also argues that equitable tolling is appropriate because he was not informed he had failed to exhaust state remedies until he was advised of that fact by the Tenth Circuit in 2009 when the Tenth Circuit affirmed the order dismissing 07-cv-02052-ZLW. This argument lacks merit because 07-cv-02052-ZLW was dismissed as a mixed petition on November 13, 2007, and Mr. Allen was advised in the order dismissing 07-cv-02052-ZLW that he had not exhausted state remedies for each of the claims he was raising in that action. Thus, it is clear that Mr. Allen was told in 2007, even before the

one-year limitation period began to run in May 2008, that he had not exhausted state remedies for all of the claims he raised in 07-cv-02052-ZLW.

Mr. Allen next asserts that equitable tolling is appropriate because he relied in good faith on a misleading extension of time to file a habeas corpus action granted by the district court. However, Mr. Allen fails to provide any specific information regarding the extension of time to which he is referring and the Court's docketing records do not indicate that Mr. Allen sought or was granted an extension of time prior to the commencement of either the instant action or 07-cv-02502-ZLW. If Mr. Allen is referring to an extension of time granted by the state district court, he fails to explain how such an extension was either misleading with respect to the one-year limitation period for filing a federal habeas corpus action or how it prevented him from filing a timely federal habeas corpus action. As a result, this argument also does not support equitable tolling of the one-year limitation period.

Mr. Allen next argues that he was prevented from pursuing his claims because 07-cv-02052-ZLW was dismissed for failure to exhaust state remedies. This argument does not justify equitable tolling because the order dismissing 07-cv-02052-ZLW did not prevent Mr. Allen from returning to state court to exhaust state remedies for the unexhausted claim he raised in 07-cv-02052-ZLW as well as the additional claims he asserts in this action that were not raised in 07-cv-02052-ZLW.

Mr. Allen also contends that equitable tolling is appropriate based on an alleged lack of awareness that he needed to file a postconviction Rule 35(c) motion in order to exhaust state remedies because he was not advised of that fact by the district court in 07-cv-02052-ZLW. This argument lacks merit. Mr. Allen does not suggest that he was

unaware of the exhaustion requirement or that he needed to present his claims fairly to the state's highest court in order to exhaust state remedies.  In fact, Mr. Allen argued in 07-cv-02052-ZLW that he had exhausted each of the five claims raised in that action, either on direct appeal or in the state habeas corpus petition filed in the Colorado Supreme Court.  Even if Mr. Allen was unaware that he could raise his claims in the trial court in a Rule 35(c) motion, his ignorance of that particular procedure does not justify equitable tolling.  **See Gibson**, 232 F.3d at 808 (stating that excusable neglect is not a basis for equitable tolling); **Marsh**, 223 F.3d at 1220 (stating that "it is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (internal quotation marks omitted)).  However, the Court notes that the record in 07-cv-02052-ZLW demonstrates Mr. Allen was aware of the postconviction remedy available to him pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure because he specifically referenced Rule 35(c) in his notice of appeal from the order dismissing 07-cv-02052-ZLW.  (**See** 07-cv-02052-ZLW, Doc. #11 at 2.)

      Mr. Allen next argues that equitable tolling is appropriate because Respondents in 07-cv-02052-ZLW were not directed to file a Pre-Answer Response that would have alerted him of the need to file a Rule 35(c) motion in order to exhaust state remedies.  This argument lacks merit because 07-cv-02052-ZLW was dismissed as a mixed petition and the district court proceedings in 07-cv-02052-ZLW concluded before the one-year limitation period began to run in May 2008.  Therefore, Mr. Allen clearly was advised before the one-year limitation period began to run that he had not exhausted state remedies for all of his claims and, as discussed above, he also was cognizant of the postconviction remedy available to him pursuant to Rule 35(c) before the one-year

limitation period began to run.

Mr. Allen's argument that he could not file a Rule 35(c) motion in state court while his appeal from the dismissal of 07-cv-02052-ZLW was pending also lacks merit because Mr. Allen fails to present any authority to support his contention that he could not seek postconviction relief in state court while his appeal from the dismissal of 07-cv-02052-ZLW was pending. The fact that Mr. Allen chose to pursue an appeal from the order dismissing 07-cv-02052-ZLW rather than return to state court to exhaust state remedies is not an extraordinary circumstance that prevented Mr. Allen from filing a timely habeas corpus application in federal court.

Mr. Allen finally argues that equitable tolling is appropriate because the Colorado Supreme Court should have construed the state habeas corpus petition he filed in that court in 2007 as a Rule 35(c) motion and he cites **Spottsville v. Terry**, 476 F.3d 1241 (11th Cir. 2007), in support of this argument. The Court first concludes that Mr. Allen's reliance on **Spottsville** is misplaced.

In **Spottsville**, the Eleventh Circuit decided two issues:

> whether Spottsville's filing of papers in the wrong clerk's office to appeal the denial of his state petition for habeas relief tolled the limitations period for filing his federal petition; and, alternatively, whether Spottsville is entitled to equitable tolling for having relied on misleading instructions about filing an appeal in the order that denied his state petition.

**Spottsville**, 476 F.3d at 1242. Regarding the second issue, the Eleventh Circuit concluded that "Spottsville is entitled to equitable tolling for having been misled by the written order of the court that denied his state petition." **Id**. The Court finds that Mr. Allen's reliance on **Spottsville** is misplaced because he does not allege that he filed the

14

state habeas corpus petition in the Colorado Supreme Court as the result of any misleading advice by a state court or any other state official.

Mr. Allen's contention that the Colorado Supreme Court, rather than denying the state habeas petition, should have converted the petition into a Rule 35(c) motion and considered the merits of the claim he raised in that petition, also lacks merit. The Colorado Supreme Court has "recognized that in limited circumstances, a *trial* court should convert a habeas petition into a Crim. P. 35(c) motion and transfer venue to the sentencing court." **Graham v. Gunter**, 855 P.2d 1384, 1385 (Colo. 1993) (emphasis added). However, Mr. Allen cites no authority that would allow the Colorado Supreme Court to convert an original habeas petition into a Rule 35(c) motion and consider the merits of a Rule 35(c) claim in the first instance. Under Colorado law, Rule 35(c) motions "must be filed in the court rendering the sentence because that court maintains the records relating to the conviction and sentence." **Duran v. Price**, 868 P.2d 375, 378 (Colo. 1994). Therefore, the Colorado Supreme Court's failure to convert the original state habeas petition into a Rule 35(c) motion and consider the merits of the claim asserted does not justify equitable tolling.

To summarize, Mr. Allen fails to allege any facts that justify equitable tolling of the one-year limitation period. He fails to present any new evidence to demonstrate he is actually innocent and he fails to demonstrate the existence of any extraordinary circumstance that prevented him from filing the instant action in a timely manner. Therefore, the Court finds that there is no basis for equitable tolling of the one-year limitation period.

For all of these reasons, the Court finds that this action is barred by the one-year

limitation period.  Because the Court has determined that the entire action is time-barred, the Court need not address Respondents' alternative arguments that some of Mr. Allen's claims are unexhausted and procedurally barred.  Accordingly, it is

ORDERED that the habeas corpus application (Doc. #1) and the amended application (Doc. #5) are denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  2nd  day of   November  , 2011.

BY THE COURT:

s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court