IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00657-LTB

EDWARD ALLEN,

    Applicant,

v.

TOM CLEMENTS, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

    Applicant, Edward Allen, has filed *pro se* on November 22, 2011, a "Motion for Permission to Appeal" (Doc. #39) in which he asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on November 2, 2011. Mr. Allen alternatively seeks permission to appeal if the Court denies the motion to reconsider. The Court must construe the motion to reconsider liberally because Mr. Allen is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion to reconsider will be denied and the clerk of the Court will be directed to process the motion as a notice of appeal.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243

(10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  **See** Fed. R. Civ. P. 59(e).  The Court will consider Mr. Allen's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action.  **See Van Skiver**, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  **Phelps v. Hamilton**, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  **Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  **See id**.

The Court dismissed the instant habeas corpus action as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  The Court specifically addressed a number of arguments raised by Mr. Allen in favor of statutory and equitable tolling of the one-year limitation period and determined that those arguments lacked merit.  Mr. Allen repeats some of the tolling arguments in the motion to reconsider and contends that this action should not have been dismissed as untimely.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Allen fails to demonstrate some reason why the Court should reconsider and

vacate the order to dismiss this action. The Court already has addressed and rejected the arguments Mr. Allen raises in favor of tolling the one-year limitation period. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion for Permission to Appeal" (Doc. #39) filed on November 22, 2011, is denied. It is

FURTHER ORDERED that the clerk of the Court process the "Motion for Permission to Appeal" (Doc. #39) as a notice of appeal.

DATED at Denver, Colorado, this  1st  day of    December    , 2011.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court